[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this amended petition for a writ of habeas corpus alleging that his criminal trial attorney, F. Mac Buckley, was ineffective in assisting him in that he erroneously informed him, prior to his guilty plea, that he would serve no more than fifty percent of the plea bargained sentence, making his guilty plea not knowing, voluntary and intelligent. Because the petitioner's offense was committed in 1996 he claims he is required to serve 85 percent of his sentence.
The petitioner called Michelle DeVeau, Gregory Everett, Ed Jurovaty and himself as witnesses.
Michelle DeVeau, a record specialist employed by the respondent testified that the petitioner arrived on November 6, 1997 on a sentence of fifteen (15) years execution suspended after seven (7) years with probation of ten (10) years. He was not entitled CT Page 2652 to good time credits because the offense occurred after October 1, 1994. Conn. Gen. Stat. § 18-100d. Gregory Everett, employed by the Board of Parole, testified that the letter sent to the petitioner, Petitioner's Exhibit 1, is a classification that he will not be eligible for parole until he has served not less than 85% of his definite sentence imposed by the court. He also testified that there is no guarantee as to obtaining parole and that factors such as the public safety and the risk posed to the Community are considered.
Ed Jurovaty, father of the petitioner, testified that he retained Mac Buckley by virtue of his reputation. He was unable to get to see him at his office and Buckley did not return his calls. His associate, Robert Pickering, handled the case on the various continuances until both Buckley and Pickering were present when offers of sentences was made. First offered was eight (8) years to serve and then when refused Buckley came back with seven (7) years to serve and that if his son behaved himself he would probably only serve one-half of the time which his son then accepted. He acknowledged that his son spoke to Buckley outside of his presence and was not aware of those things. He filed a grievance against Buckley and was aware of Buckley's position which is contained in his response to the grievance complaint. Respondent's Exhibit C.
The petitioner testified that he accepted the plea of fifteen (15) years suspended after seven (7) years because Buckley told him that he would probably only do 50% of the time and that if he went to trial that he could get a sentence of up to twenty (20) years. He received a continuance of three (3) to four (4) weeks to consider it. He was upset when he was confined that he would get no good time credits and would have to do 85% of his sentence. He tried to contact Buckley without success. He talked to Pickering when they were discussing his divorce. Pickering apologized to him. He admitted that the judge asked him questions including that he was satisfied with the counsel of Buckley but at a time when he believed what Buckley had told him. He admitted to Buckley that he had hit and choked his wife and had sex against her will. His plea was based on the same factual description. See Respondent's Exhibit A. He also admitted that Buckley had disclosed to him that the state was prepared to present evidence from a prior girlfriend of the petitioner concerning similar abusive treatment to her and that there were two other witnesses as to the petitioner's physically abusive treatment of his wife. He claimed that these incidents did not CT Page 2653 include any sexual assaults and did not make him afraid of going to trial.
The arrest of the petitioner arose from the complaint of his wife for conduct on January 18, 1996 for which he was charged with Kidnaping in the First Degree, Sexual Assault in the First Degree, Sexual Assault in Spousal or Cohabitating Relationship and Attempt to Commit Sexual Assault in the First Degree. On September 11, 1997 he pleaded guilty to the charge of Sexual Assault in a Spousal Relationship in violation of Conn. Gen. Stat. § 53a-70b on a plea agreement of a sentence of fifteen (15) years suspended after seven (7) years, ten years of probation, with no right to argue. See Respondent's Exhibit A.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,446 U.S. 668, 694. The petitioner has failed to prove how the result would be different. The petitioner admitted to the state police on January 19, 1996 that the argument which he had with his wife the previous day escalated into the use of physical force and culminated in sexual intercourse from which she became upset and hurt. See Respondent's Exhibit A.
He has also failed to prove counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 359. Attorney Robert Pickering, an associate of Buckley's, testified that while the petitioner and his father was with Buckley in his presence, Buckley told them good time credits did not apply to the offenses charged against the petitioner and that the petitioner would have to complete 85% of his sentence before becoming eligible for parole. He did mention that he thought that the overcrowding of the prisons might result in a challenge to the law but made no promises that such a challenge would be made. Pickering further testified that during that discussion he as well participated and that subsequently he went over the same subject matter with the petitioner prior to his plea. It is significant that neither the petitioner nor his father in their testimony ever denied Pickering's knowledge or communication of these aspects of the law.
For the above reasons the petition is denied.
Thomas H. Corrigan CT Page 2654 Judge Trial Referee